cause remanded with instruction to that court, in settlement of the administration account, to charge the administrator for interest upon $8,390, at the rate of 6 per cent. per annum from the 27th of March, 1827. till the time or times respectively of his distributing the principal among the creditors. See also Hunter's Ex'rs v. Spotswood, 1 Wash. [Va.] 145; Lomax v. Pendleton, 3 Call, 538; Miller v. Beverleys, 4 Hen. & M. 415, 416; Beverleys v. Miller, 6 Munf. 99; White's Ex'rs v. Johnson, 2 Munf. 285; McCall v. Peachy's Adm'r, 3 Munf. 288.

UNION BANK OF GEORGETOWN (ARMAT v.). See Case No. 535.

## Case No. 14,353.
### UNION BANK OF GEORGETOWN v. CORCORAN.

[ 5 Cranch, C. C. 513.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

STATUTE OF FRAUDS—DEBT OF ANOTHER—NOTES—PAYMENT—USAGE.

1. The defendant's note for $7,400. made payable directly to the plaintiff's, on demand, with interest, but not payable to order. and upon which there is an indorsement stating that it is held by the plaintiffs as collateral security for the defendant's obligation upon a previous note of Thomas Corcoran, senior, deceased, is not void under the statute of frauds as being a promise to pay the debt of another, without a consideration therein expressed.

2. In an action upon such a note, with such an indorsement, the burden of proof is on the defendant to show that the former note or some part of it had been paid.

3. If a bank discounts a note made payable directly to the bank, and takes the interest in advance. for the time the note has to run, it is not usury. such being proved to be the usage of the banks.

Assumpsit upon the following promissory note: "$7,400. Georgetown, May 3d, 1832. On demand we jointly and severally promise to pay the president and directors of the Union Bank of Georgetown. $7,400, with interest from the 1st instant, for value received. James Corcoran. T. Corcoran." Upon which note was this indorsement: "The within note is given as collateral security for our obligation to the Union Bank of Georgetown. on a note of Thomas Corcoran, deceased, for $7,400. and is held by said bank only as collateral security for said note; when, therefore, said note with the interest thereon shall have been paid. this is to be returned to us. or cancelled by said bank. T. Corcoran." And the following indorsement: "I reassume and reacknowledge the within note, and agree not to avail myself of limitations as a bar. T. Corcoran." 30th April. 1835.

Mr. Marbury. for defendant, objected that this was a promise to pay the debt of an-

other, and that it did not express the consideration, and therefore the plaintiffs could not recover.

But THE COURT (nem. con.) overruled the objection, the plaintiffs' counsel, in opening the case to the jury, having admitted that certain property had been assigned to a trustee to be applied to the payment generally of the debts of Thomas Corcoran, senior, and that $1,800 had been paid into the plaintiffs' bank, to be so applied, a proportion of which was applicable to the note of Thomas Corcoran, senior, mentioned in the indorsement aforesaid.

Mr. Coxe, for defendant, objected to the admissibility in evidence of the note upon which this action was founded.

But THE COURT overruled the objection, and the note was read. Whereupon the defendant's counsel prayed the court to instruct the jury that upon this evidence the plaintiffs were not entitled to recover; or if entitled to recover. not more than nominal damages. without first showing the note of Thomas Corcoran, senior, as described in the said indorsement, and showing further what amount of money is now due thereon. Chitty, 154. last edition. But THE COURT, (THRUSTON, Circuit Judge, absent,) refused to give the instruction, and the defendant's counsel took a bill of exceptions.

The defendant's counsel then objected that the note of Thomas Corcoran, senior, being made payable directly to the president and directors of the Union Bank of Georgetown. or order, and discounted by the bank to the credit of Thomas Corcoran. senior, the transaction was a direct loan. and not a mercantile discount, and that taking the interest in advance for the time the note had to run. was usurious; and that the note in suit, being given as a security for that loan. was void under the statute of usury.

R. J. Brent. having suggested that the same question would arise in another case now on the trial docket of this term, in which he was concerned as counsel. was permitted to argue the point to the court. He contended that there is a difference between a loan and a discount. The taking of the interest in advance can only be justified upon a real mercantile discount of negotiable paper actually negotiated. or by the usage of the banks. known to the legislatures at the time of granting the privilege of banking. Com. Usury, 86; Ord. Usury, 68; Marsh v. Martindale. 3 Bos. & P. 154; Bank of Washington v. Thornton, 3 Pet. [28 U. S.] 38; 3 Serg. & L. 95, note; Law Md. 1836. c. 272. authorizing the discount of notes made payable directly to the banks; Bank of Kentucky v. Brooking. 2 Litt. (Ky.) 42.

On the other side. 't was said that such notes are discounted in Boston daily. There cannot be usury without an intention to take usurious interest. Bank of U. S. v. Waggener. 9 Pet. [34 U. S.] 399; Fleckner v. Bank of U. S., 8 Wheat. [21 U. S.] 354; Chitty.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

100; Bank of Kentucky v. Brooking, 2 Litt. (Ky.) 42; Wood v. Dummer [Case No. 17,-944].

THE COURT (CRANCH, Chief Judge,) giving no opinion, not having examined the authorities cited,) decided instanter that the transaction was usurious.

---

## Case No. 14,354.

### UNION BANK OF GEORGETOWN v. CRITTENDEN.

[2 Cranch, C. C. 238.] [1]

Circuit Court, District of Columbia. April Term, 1821.

JUDGMENT—MOTION TO SET ASIDE—DEFAULT—RULE TO PLEAD.

1. The court, at a subsequent term, will set aside a judgment irregularly obtained, and quash the execution issued thereon.

[Cited in Reiling v. Bolier, Case No. 11,671.]

2. A judgment by default, for want of plea, before the expiration of the rule to plead, is irregular, and may be set aside, on motion, at a subsequent term.

3. The Maryland act of 1763, c. 23, § 4, does not dispense with the rule to plead, although the declaration be sent and served with the writ twenty days before the appearance court.

The declaration, in this cause, had been sent out with the writ, and served twenty days before the appearance term, according to the Maryland act of 1763, c. 23, § 4, and the defendant entered his appearance in proper person. At the next term a rule was laid on the defendant to plead by the plea day, which was some day after the end of the term. The judgment by default, for want of plea, however, was entered at the same term (June term, 1820), before the expiration of the rule to plead; and an execution was issued thereupon, returnable to the present term.

Mr. Redin, for defendant, now moved to quash the execution and set aside the judgment for irregularity, and, in support of his motion, filed the defendant's affidavit, stating that, at the last term, before the judgment was entered, he had requested Mr. Lookerman, one of the attorneys of this court, to enter his appearance, and attend to the suit, which he promised to do. That Mr. Lookerman directed the clerk to enter his appearance, which was done, by mistake, in one suit only, there being two between the same parties. It also stated the grounds of his defence, upon the merits of the cause, being sued as indorser, and not having had due notice of nonpayment by the drawee of an inland bill, and that the drawer had become insolvent. Mr. Redin cited 1 Tidd, Prac. 515; 2 Tidd, Prac. 1089; Fox v. Money, 1 Bos. & P. 250; Davis v. Owen, Id. 344; Barlow v. Kaye, 4 Term R. 688; Act Md. 1787, c. 9, § 6; Wood v. Cleveland, 2 Salk.

518; Gerard v. Basse, 1 Dall. [1 U. S.] 119; Carrew v. Willing, Id. 130.

Mr. Jones, contra. There is no case in which the court will correct its own judgment after the term. If the record does not show the true judgment of the court, it may be corrected; but, if the court itself has irregularly rendered judgment, it has never been the practice to correct it after the term. But this judgment is not irregular. The copy of the declaration having been served on the defendant twenty days before the return of the writ, the return term was, by the act of assembly, the trial term of the suit; and no rule to plead was necessary. The defendant was not entitled to an imparlance, nor to a rule to plead. Mr. Jones cited Boote's History of a Suit at Law, 92; 1 Tidd, Prac. 101, 356; Act Md 1763, c. 23, § 4; Act Md. 1721, c. 14, § 2; Act Md. 1787, c. 9, § 2.

THE COURT (nem. con.), having taken time to consider, quashed the execution, set aside the judgment, and reinstated the cause.

---

## Case No. 14,355.

### UNION BANK OF GEORGETOWN v. ELIASON.

[2 Cranch, C. C. 667.] [1]

Circuit Court, District of Columbia. May 13, 1826.

PLEADING AT LAW—ASSUMPSIT—PROMISE TO PAY—NOTES—PLEAS.

Non assumpsit infra tres annos, is not a good plea to an action against the maker of a promissory note payable sixty days after date. It ought to be actio non accrevit.

[See Bank of Columbia v. Ott, Case No. 879.]

Assumpsit against the maker of two promissory notes, each payable sixty days after date, and indorsed by the firm of E. Eliason & Hersey, and discounted by the plaintiffs for the accommodation of the defendant; one dated March 29, 1814, for $2,700, and the other, April 26, 1814, for $1,000. After stating the notes and indorsements with the usual averments the declaration proceeded thus: "By reason whereof and by force of the statute in such case made and provided, the said defendant became liable to pay the said sums of money, in the said notes mentioned, to the said plaintiffs, according to the tenor and effect of the same, and the said indorsements thereon; and being so liable, in consideration thereof, then and there" (that is, on the 26th of April, 1814, the date of the last-mentioned note), "undertook and promised to pay the same to the said plaintiffs according to the tenor and effect thereof, and the indorsements thereon, whenever afterwards he should be thereto requested." Then followed the usual money counts, all averring the promises to be made "on the same day and year aforesaid" "yet the said defendant, the said several sums of money

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]